IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARC STEVEN DORCE,** | **CIVIL NO. 1:13-CV-1848** |
| Plaintiff | |
| v. | |
| **CPL CHARLES E. GLEICHMAN; and TPR MICHAEL DAVIS,** | |
| Defendants | |

# **M E M O R A N D U M**

## I. **Procedural Background**

Before the court is a complaint filed pursuant to 28 U.S.C. § 1331. Because this complaint involves state officials only, it is believed that Plaintiff, Marc Steven Dorce, erroneously marked the incorrect cause of action. Therefore, the cause of action will be amended as one filed pursuant to 28 U.S.C. § 1983.

The complaint was filed on July 8, 2013 (Doc. 1). An administrative order was issued on July 9, 2013 (Doc. 4) to which Dorce replied (Doc. 5). By order dated August 16, 2013, Dorce was granted leave to proceed *in forma pauperis* and service of the complaint was directed (Doc. 9).

On September 11, 2013, Defendants Gleichman and Davis filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). A brief in support of the motion was filed on September 12, 2013 (Doc. 14). Dorce filed a document in response entitled "Brief in Support of Plaintiff's Complaint and Appeal" (Doc. 16) which this court will deem to be a brief in opposition to the motion to dismiss. On September 30, 2013, Defendants filed a reply brief (Doc.17)

and the matter became ripe for disposition. For the reasons set forth below, the motion to dismiss will be granted as to both defendants.

**II.        Factual Background**

Dorce is an inmate who is incarcerated at the State Correctional Institution at Bellefonte, Pennsylvania ("SCI-Bellefonte"). This action does not concern any claim against SCI-Bellefonte or its personnel. The action has been brought against individual state police officers who were involved in proceedings that led to Dorce's incarceration.

Trooper Michael Davis is a Pennsylvania State Police officer who filed a criminal complaint against Dorce accusing him of robbery of a motor vehicle, conspiracy to do the same, and theft by unlawful taking. Dorce was found not guilty of the robbery and conspiracy charges but was found guilty of the theft charge. The charges arose out of the same set of facts. Dorce appealed his conviction and the appeal remains pending before the Pennsylvania Courts.

**III.       Issues**

Dorce claims that "the acts in Trooper Davis' criminal complaint did not happen" (Doc. 1 at p. 3) and that "the alleged victim never told Trooper Davis that the plaintiff robbed the alleged victim." (*Id*. at 2.) In his response to the motion to dismiss (Doc. 16), Dorce further accuses Davis of altering affidavits, that the victim never gave a written statement as to who was involved in the underlying offense. (Doc. 16 at p. 2.) Dorce argues that there was no probable cause for issuing the criminal complaint. (*Id*. at p. 4.)

2

Attached to Dorce's complaint is a statement by the victim concerning the incident leading to the arrest. (Doc. 1, Ex. B.) While the victim did not state Dorce by name in the victim statement, she did, in her follow up interviews with the police, name Dorce. The follow up interviews were done by Trooper Rush and Trooper Davis. The extensive report by Trooper Rush, who was not the arresting officer, did name Dorce. There are no claims against Trooper Rush concerning any fabrication in his report. Thus, from the complaint, it appears that Dorce may be making claims against Trooper Davis of false arrest, malicious prosecution, and possibly defamation.

Dorce's claim against Defendant Gleichman is one of respondeat superior. Dorce claims that Gleichman was the leading supervisor for Trooper Davis and, therefore, is accountable for Davis' actions. (Doc. 1 at p. 2.)

**IV.** **Discussion**

    **A.** **§ 1983 Claim Against Defendant Davis**

Defendants claim this action should be dismissed as to Defendant Davis in accordance with *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions where unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order declared 8invalid by state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . . A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 486-87.

The validity of Dorce's conviction and sentence would be called into question by pursuing his § 1983 claim. Therefore, *Heck* requires a determination that Plaintiff's federal claim is not a cognizable claim under § 1983. That claim will be dismissed.

### B. § 1983 Claim Against Defendant Gleichman

Dorce's claims that Gleichman is responsible for Davis' actions because he is Davis' supervisor. This claim, without any direct, personal involvement by Gleichman, is insufficient to state liability under § 1983. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation. *See Santiago v. Warminster Twp.*, 629 F.3d 121 (3d Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 693 (2009) ("[E]ach Government official . . . is only liable for his or her own misconduct"). Accordingly, liability under Section 1983 may only be based upon a defendant's personal involvement amounting to a constitutional violation. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Ci4r. 1976). "Liability may not be imposed under Section 1983 on the principle of respondeat superior." *Hetzel v. Swartz*, 909 F. Supp. 261, 264 (M.D. Pa. 1995) (citing *Hampton*, 546 F.2d at 1082). Therefore, to survive a Rule 12(b)(6) motion, the complaint must contain averments establishing each defendant's involvement in the conduct that caused a violation of Plaintiff's constitutional rights. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Thus, Dorce's claim against Defendant Gleichman, based on respondeat superior, cannot stand and will be dismissed.

### C. State Law Claim of Defamation

This court adopts the Defendants' argument and law cited thereto in the Defendants' brief in support of their motion to dismiss (Doc. 14 at pp. 6-7) and will dismiss this claim pursuant to the defense of sovereign immunity.

### V. Conclusion

For the reasons set forth above, this court finds it does not have the jurisdiction over the claims presented in the complaint and the complaint will be dismissed without prejudice. An appropriate order will be issued.

s/Sylvia H. Rambo
United States District Judge

Dated: November 6, 2013.